UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MIDBROOK FLOWERBULBS HOLLAND B.V., <br><br> Plaintiff, <br><br> v. <br><br> HOLLAND AMERICA BULB FARMS, INC., a Washington Corporation, <br><br> Defendant. | CASE NO. 14-5409 RJB <br><br> ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT TO RECOGNIZE A FOREIGN-COUNTRY MONEY JUDGMENT |

This matter comes before the Court on Plaintiff Midbrook Flowerbulbs Holland B.V.'s ("Midbrook") Motion for Summary Judgment to Recognize Foreign-Country Money Judgment. Dkt. 21. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

This case is brought by Midbrook, a Dutch company, against Holland America Bulb Farms, Inc. ("Holland Farms"), a Washington state company, to enforce a judgment from the

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT TO RECOGNIZE A
FOREIGN-COUNTRY MONEY JUDGMENT- 1

Amsterdam Court of Appeal pursuant to the Uniform Foreign-Country Money Judgments Recognition Act ("UFCMJRA"), RCW 6.40A, *et seq*. Dkt. 1.

Midbrook now brings a summary judgment motion for an order recognizing the Dutch judgment. Dkt. 21. Holland Farms moves for a continuance pursuant to Fed. R. Civ. P. 56(d) in order to obtain further discovery. Dkt. 28. Holland Farms also opposes the motion for summary judgment, arguing that this Court should not recognize the Dutch court's judgment because the judgment was not "compatible with the requirements of due process of law." Dkt. 28. Holland Farms maintains that the judgment did not comport with due process requirements because (1) it did not get all of the discovery it sought from Midbrook in the Dutch action and (2) the Dutch court of appeal improperly reversed the district court's finding regarding whether the parties had reached a settlement. *Id.*

For the reasons set forth below, Holland Farm's motion for a continuance pursuant to Fed. R. Civ. P. 56(d) should be denied and Midbrook's motion granted.

## I.  FACTS AND PROCEDURAL HISTORY

### A. BACKGROUND FACTS

From around 1994 to 1999, Midbrook exported flower bulbs from the Netherlands to Holland Farms to sell in the United States. Dkt. 1. Midbrook was owned, in part, and managed by a brother of the owner of Holland Farms. Dkt. 29, at 3. The companies orally agreed that Midbrook would charge its actual costs of the bulbs on a one-to-one basis plus a commission. Dkt. 29, at 3. Midbrook's invoices were in Dutch Guilders ("guilder" or "NLG"); the euro did not fully replace the guilder until 2002. Dkt. 29. Midbrook had two accounts with the same bank in the Netherlands. *Id.* One was a U.S. dollar account and the other a guilder account. *Id.* To pay

the invoices, Holland Farms would deposit U.S. dollars in the dollar account, Midbrook would exchange the dollars to guilders, and then deposit the money in the guilder account. *Id*.

Holland Farm's owner states that by 1997 he noticed that the bulb import costs on their purchases from Midbrook appeared to be higher than the competition's bulb import costs. *Id.* Holland Farm's owner questioned his brother and insisted on seeing Midbrook's costs records. *Id*. Midbrook refused and the parties agreed to stop doing business with each other in May of 2000. *Id.* Midbrook later contended that Holland Farms failed to pay it for the 1999 harvest. Dkt. 1.

### 1. Midbrook Filed Case in Dutch District Court

MidBrook filed suit in the Netherlands' Alkmaar District Court in 2002, asserting that Holland Farms failed to pay for the 1999 shipment. Dkt. 22. Holland Farms received notice of the action, was represented by attorneys, presented defenses, and asserted a counterclaim against Midbrook and others in the Alkmaar District Court. Dkt. 22, at 2. Holland Farms' counterclaim maintained that Midbrook had been overcharging it for years, and so it owed Midbrook nothing. *Id*.

The Alkmaar District Court issued four interlocutory orders. On June 30, 2004, the district court dismissed a party. Dkt. 32-1.

On April 13, 2005, the district court, after holding a hearing which included the testimony of witnesses, issued a ruling on Midbrook's contention that the parties had reached a settlement in regard to alleged "improper invoicing" from 1994 through 1998. Dkt. 34-1. It concluded, based on the credibility of the witnesses, that Midbrook had not succeeded in showing that on October 22, 1999, Midbrook agreed to credit Holland Farms NLG 100,000 in exchange for Holland Farms exercising "no further rights" with respect to the invoices for 1994 through 1998. Dkt. 34-1, at 4. In that ruling, the district court further noted that:

> Although Holland Farms stated a number of arguments in various places in the very extensive procedural documents about why the invoices were incorrect throughout the years, this is insufficient for further assessment of the verity of its statements. This means that [Holland Farms] first needs to specify the relevant invoices concretely, submitting them and making reference to them for the years 1994 up to and including 1998 and to indicate which amounts Midbrook invoiced unjustifiably to [Holland Farms] and why. The court orders [Holland Farms] to proceed to doing so in accordance with (Dutch) article 22 Rv.

Dkt. 34-1, at 5. The district court also ordered Midbrook to produce "insight into the way in which the invoices on which it bases its claims are drawn up." Dkt. 34-1, at 5.

On September 21, 2005, the district court dismissed Holland Farms' counterclaim. Dkt. 34-2. It found that "[a]lthough [Holland Farms] has undeniably taken great pains to specify its damages, it has neglected to specify why the amounts invoiced by Midbrook are incorrect." Dkt. 34-2, at 5.

On March 8, 2006, the district court issued a fourth interlocutory order which, in part, dismissed some of the parties. Dkt. 35-1.

On October 18, 2006, the Alkmaar District Court issued its final decision and ordered Holland Farms to pay Midbrook €1,033,291.19, plus interest, attorneys' fees, and costs. Dkt. 22-1, at 8.

### 2. Holland Farms Appealed to Dutch Court of Appeal

Holland Farms appealed the Alkmaar District Court's decisions to the Amsterdam Court of Appeal. Dkt. 22-2. Holland Farms was represented by an attorney, raised six grounds for appeal, submitted exhibits, provided evidence, and asserted new legal grounds for its counterclaim. Dkt. 22-2, at 3-4. According to the Amsterdam Court of Appeal, Holland Farms argued, in part, that "it paid more in total during the period from 1994 to August 2000, when it conducted business with Midbrook, than Midbrook had invoiced." Dkt. 22-2, at 8. Holland Farms disputed "any liability on its part." *Id.*

The court of appeal issued two interlocutory decisions.  The first, on April 21, 2009, overturned the district court's finding that the parties had not settled their dispute over invoicing for 1994 to 1998. Dkt. 38-1.  The court of appeal discounted the district court's credibility assessment of the witnesses.  Dkt. 38-1, at 12.  It found that it was an "established fact that a credit was issued by Midbrook for an amount of NLG 100,000" to Holland Farms.  Dkt. 38-1, at 12. It further pointed out that Holland Farms failed to point to any consideration from it for this credit.  *Id.*  It found that "[c]onsidering the relationship between the parties such as evidenced by the documents, it is unlikely that Midbrook would not have demanded a certain consideration 'in exchange' for this credit." *Id.* The court of appeal rejected Holland Farm's request to have a registered accountant appointed to review Midbrook's costs records to determine whether Midbrook had, indeed, overcharged Holland Farms because the parties had settled those claims. *Id.*  The second interlocutory decision was issued on June 29, 2010, but was not filed in the record here, and according to Holland Farms has not been translated. Dkt. 31, at 2.

The Amsterdam Court of Appeal issued a final judgment on September 13, 2011.  Dkt. 22-4. In consideration of the final judgment, Holland Farms again requested the Amsterdam Court of Appeal require Midbrook to provide "access to . . . bookkeeping records with regard to the purchase, processing, and export of the flower bulbs delivered by Midbrook to [Holland Farms] in the period from 1994 to 2000 inclusive." Dkt. 22-4, at 4.  The Amsterdam Court of Appeal denied this request for discovery "on the ground that the claim [was] apparently intended to provide [Holland Farms] with substantiation for its assertion that Midbrook overcharged it during that period." Dkt. 22-4, at 4.  It noted:

> That assertion cannot, however, be addressed anymore because the parties, as the court determined, reached final settlement on October 22, 1999 regarding the invoicing for that period, which entailed that [Holland Farms] would, against payment by Midbrook of an amount of NLG 100,000, withdraw its objections

> against the invoicing covering that period.  Contrary to the district court, this court of appeal considered that arrangement as proven.  Regarding the delivery of flower bulbs from the harvest year 1999, [Holland Farms] was in the position to concretize its grievances in first instance, and the district court issued judgment regarding those grievances, which it declared partly justified.  [Holland Farms] has not challenged the accuracy of that judgment by the district court on appeal, nor has it specified its objections.  This implies that also for that year the accuracy of the invoicing is no longer subject to debate.

Dkt. 22-4, at 4-5.  The court of appeal upheld the Alkmaar District Court's dismissal of Holland Farm's counterclaim.  Dkt. 22-4.  It entered a new judgment, ordering Holland Farms to pay Midbrook €959, 324.83, plus specified interest, attorneys' fees, and costs.  Dkt. 22-4.

### 3.   Holland Farms Appealed to Dutch Supreme Court

Holland Farms appealed the judgment to the Supreme Court of the Netherlands.  Dkt. 22-5.  It was represented by counsel and raised two issues.  Dkt. 22-5.  On December 21, 2012, the Supreme Court of the Netherlands affirmed the judgment, dismissed the appeal, and ordered Holland Farms to pay an additional €5,965.34 in costs and €2,200 in fees.  Dkt. 22-6. (Plaintiff states that it does not seek recognition of the Supreme Court Judgment which would allow it to collect these additional fees.)

### 4.   Midbrook Filed this Case in U.S. District Court

On May 16, 2014, Midbrook filed this case, seeking recognition and entry of the Dutch Court of Appeal September 13, 2011 judgment pursuant to RCW 6.40A.  Dkt. 1.

### 5.   Holland Farms Filed Case in Dutch District Court for Preliminary Relief

In August of 2014, Holland Farms filed an action in the Noord-Holland District Court for Preliminary Relief Proceedings.  Dkt. 22-7.  Holland Farms was represented by counsel.  Dkt. 22-7, at 2.  It raised two issues:

> (1) That Midbrook be ordered to issue the underlying documents for drawing up the invoices for which payment was claimed . . . and

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT TO RECOGNIZE A
FOREIGN-COUNTRY MONEY JUDGMENT- 6

> (2) That Midbrook be forbidden from using the forged English translation of the ruling as presented to the District Court in Tacoma, and that it be ordered to suspend and keep suspended the enforcement commenced until it has a ruling in its own name . . .

Dkt. 22-7, at 6. On September 29, 2014, the Noord-Holland District Court denied both Holland Farms' claims for relief. Dkt. 22-7. In regard to claim one, it held:

> [Holland Farms] has argued that Midbrook has failed to comply with the order given by the District Court of Alkmaar to submit documents and that it has therefore acted unlawfully.
> [Holland Farms] bases its claim on the fact that Midbrook has failed to comply with the order of the District Court in the interlocutory decision of April 13, 2005. The preliminary relief division will not comment on whether or not [Holland Farms] is at liberty at all outside and after the proceedings in which the said order was given to complain that this order has not been complied with. It follows from the statements set out in 2.3-2.7, that both the District Court and the Court of Appeal have held that Midbrook, insofar as it could be required to do so, had provided sufficient information and had done so properly. The order given by the District Court has in any case become redundant by the later decisions of the Court of Appeal. In that situation, there is no longer any room to allege that Midbrook, by not submitting all documents requested by [Holland Farms], acted unlawfully vis-à-vis [Holland Farms].

Dkt. 22-7, at 7. It also rejected claim two. Dkt. 22-7, at 9-10.

### B. ORGANIZATION OF OPINION

This opinion will now consider Holland Farm's Motion for a Rule 56(d) continuance in order to obtain discovery (Dkt. 28) and then Midbrook's Motion for Summary Judgment (Dkt. 21).

## II.   DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial– e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. HOLLAND FARMS' MOTION UNDER RULE 56 (d)**

Fed. R. Civ. P. 56 (d) provides that if the non-moving party shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition,

the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Holland Farms seeks a Rule 56(d) continuance in order to obtain discovery of Midbrook's underlying cost records and banking records for both the dollar and guilder accounts. Dkt. 28.

Holland Farms' motion for a continuance (Dkt. 28) should be denied. It does not show how the discovery it seeks would preclude summary judgment. Holland Farms asserts that the documents would conclusively establish "which party was rightfully entitled to a judgment in Alkmaar District Court." Dkt. 28. It does not make a showing that this discovery would demonstrate that it the Dutch proceedings–in the district court, court of appeal and supreme court –failed to comport with due process. The Court should consider Midbrook's motion for summary judgment.

**C. UFCMJA - RCW 6.40A**

"In international diversity cases such as this one, enforceability of judgments of courts of other countries is generally governed by the law of the state in which enforcement is sought." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 990 (9th Cir. 2013)(*internal quotations omitted*). Washington and several other states have adopted the UFCMJA which sets out a "procedure for recognizing and enforcing in the United States judgments entered in foreign countries." *Tonga Air Servs., Ltd. v. Fowler*, 118 Wash. 2d 718, 726, 826 P.2d 204, 208 (1992).

Under the UFCMJA, Washington courts "shall recognize" a foreign-country judgment "to the extent that the judgment: (a) [g]rants or denies recovery of a sum of money; and (b) [u]nder

the law of the foreign country where rendered, is final, conclusive, and enforceable." Wash. Rev. Code Ann. §§ 6.40A.020 and 6.40A.030 (West).

The Dutch judgment at issue here grants "recovery of a sum of money" and the judgment is "final, conclusive and enforceable." The Court should recognize the judgment, then, unless an exception listed in the UFCMJA applies. Wash. Rev. Code Ann. § 6.40A.030 (West).

Holland Farms argues that under the UFCMJA, Washington courts may, in their discretion, not recognize foreign judgments that do not comport with "due process." Dkt. 28.

The UFCMJA provides that "[a] court of this state need not recognize a foreign-country judgment if . . . [t]he specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law." Wash. Rev. Code Ann. § 6.40A.030(3)(h) (West). Under the Act, Holland Farms has the burden to prove that a ground for nonrecognition exists. Wash. Rev. Code Ann. § 6.40A.030(4) (West).

MidBrook's Motion for Summary Judgment to Recognize Foreign-Country Money Judgment (Dkt. 21) should be granted. Holland Farms has failed to carry its burden to show that the Dutch proceedings that lead to the final judgment were not "compatible with the requirements of due process of law." Holland Farms does not argue that it did not have notice of any of these proceedings or an opportunity to be heard. It received notice of the action, was represented by attorneys, presented defenses, submitted evidence, asserted a counterclaim, and filed multiple appeals. Holland Farms maintains that two of the Dutch courts' decisions violated due process. Each is considered below.

The first decision of which Holland Farms complains was the court of appeal's reversal of the district court's finding that the parties did not have a settlement agreement regarding the 1994 through 1998 invoices. Dkt. 28. It asserts that the Dutch court of appeal improperly "reversed the

trial court's determination of witnesses' credibility" and failed to give great deference to the district court's findings. *Id*. Holland Farms cites no binding authority that a Dutch court appeal's failure to give deference to a trial court's determination of witnesses' credibility amounts to a violation of due process under the United States Constitution or under more general concepts of international due process. Further, the Dutch court of appeal's decision was not based on the credibility determination alone. It provided specific reasons for discounting the district court's credibility determination, examined relevant documents in the record, noted the absence of consideration if there was no agreement, and considered evidence of the parties' past dealings. Holland Farms fails to show that the Dutch court of appeals' decision to overturn the district court's ruling regarding whether there was a settlement violates due process.

The second decision of which Holland Farms complains was the Dutch courts' denial of Holland Farms discovery request for access to all of Midbrook's costs and banking records. Dkt. 28. Holland Farms again cites no binding authority that the discovery decisions made in the circumstances here amount to a violation of due process such that the final judgment should not be recognized. Holland Farms does not contest that the parties exchanged extensive discovery. Holland Farms argues that it did not get *all* the discovery to which it was entitled. Dkt. 28. However, this issue was litigated extensively in the Dutch courts. Holland Farms encourages this Court to substitute its judgment for that of several Dutch courts that thoroughly and repeatedly considered the issue. That the Court will not do.

Midbrook's Motion for Summary Judgment to Recognize Foreign-Country Money Judgment (Dkt. 21) should be granted.

**D.  FURTHER MATTERS**

Midbrook's Reply indicates that "[u]pon entry of an order recognizing the Judgment, Midbrook shall request that the Court enter the Judgment Summary to be filed herein." Dkt. 43, at 13. No "Judgment Summary" appears to have been filed. Midbrook should inform the Court on or before November 21, 2014, what remains to be done in the case, and provide a proposed schedule. The trial date should be stricken.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff Midbrook Flowerbulbs Holland B.V.'s Motion for Summary Judgment to Recognize Foreign-Country Money Judgment (Dkt. 21) **IS GRANTED;** and
- Midbrook **SHALL** inform the Court on or before **November 21, 2014**, what remains to be done in the case, and provide a proposed schedule;
- The trial date is **STRICKEN**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of November, 2014.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge