1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11 | MIDBROOK FLOWERBULBS
HOLLAND B.V.,

CASE NO. 14-5409 RJB

12 |                        Plaintiff,

ORDER ON DEFENDANT'S
MOTION TO VACATE JUDGMENT
UNDER FED. R. CIV. P. 60(B)

13 |        v.

14 | HOLLAND AMERICA BULB FARMS,
INC., a Washington Corporation,

15

16 |                        Defendant.

17

18      This matter comes before the Court on Defendant Holland America Bulb Farms, Inc.'s

19 | ("Holland Farms") Motion to Vacate Judgment under Fed. R. Civ. P. 60(b).  Dkt. 66.  The Court

20 | has considered the pleadings filed in support of and in opposition to the motion and the file

herein.

21

22      This case was originally brought by Midbrook Flowerbulbs Holland B.V. ("Midbrook"),

23 | a Dutch company, against Holland Farms, a Washington State company, to enforce a judgment

24

1    from the Amsterdam Court of Appeals pursuant to the Uniform Foreign-Country Money

2    Judgments Recognition Act ("UFCMJRA"), RCW 6.40A, *et seq*.  Dkt. 1.

3            On October 2, 2014, Midbrook filed a motion for summary judgment for an order

4    recognizing the Dutch judgment.  Dkt. 21.  Holland Farms moved for a continuance pursuant to

5    Fed. R. Civ. P. 56(d) in order to obtain further discovery.  Dkt. 28.  Holland Farms also opposed

6    the motion for summary judgment, arguing that this Court should not recognize the Dutch

7    court's judgment because the judgment was not "compatible with the requirements of due

8    process of law."  *Id*.  Holland Farms maintained that the judgment did not comport with due

9    process requirements because:  (1) it did not get all the discovery it sought from Midbrook in the

10   Dutch action and (2) the Dutch court of appeal improperly reversed the Dutch district court's

11   finding regarding whether the parties had reached a settlement.  *Id.*

12           On November 4, 2014, Midbrook's motion was granted.  Dkt. 46.  Holland Farms'

13   motion for a continuance pursuant to Fed. R. Civ. P. 56(d) in order to obtain further discovery

14   was denied.  *Id*.  After further submittals by the parties, on December 16, 2014, a judgment was

15   entered in favor of Midbrook against Holland Farms for €2,200,513.20 plus post-judgment

16   interest.  Dkt. 60. Holland Farms timely appealed to the Ninth Circuit Court of Appeals.  Dkt. 61.

17           Based on newly discovered evidence, on March 9, 2015, Holland Farms filed the instant

18   Motion to Vacate Judgment (Dkt. 67), which has been renoted for consideration by agreement of

19   the parties for September 10, 2015 (Dkt 77).  Holland Farms also moved to reopen the

20   proceedings in the Netherlands based on newly discovered evidence.

21           Midbrook opposed the Motion to Vacate the Judgment.  Dkt. 78.

22

23

24

1    If the Court does not grant the Motion to Vacate the Judgment outright, in its reply,

2  Holland Farms moves the Court to defer its decision on the motion pursuant to Fed. R. Civ. P.

3  62.1(a)(1) until the Dutch courts have an opportunity to consider the newly discovered evidence.

4    For the reasons set forth below, Holland Farm's Motion to Vacate Judgment (Dkt. 67)

5  should be deferred pursuant to Fed. R. Civ. P. 62.1(a)(1) to be renewed, if appropriate, after the

6  Amsterdam Court of Appeals and the Ninth Circuit Court of Appeals issue their decision.

7                    **I.        BACKGROUND FACTS AND PROCEDURAL HISTORY**

8    The Background facts and Procedural History are in this Court's Order on Plaintiff's Motion

9  for Summary Judgment to Recognize a Foreign-County Money Judgment (Dkt. 46, at 2-7) and

10  are as follows:

11  **A.  BACKGROUND FACTS**

12    From around 1994 to 1999, Midbrook exported flower bulbs from the
     Netherlands to Holland Farms to sell in the United States.  Dkt. 1. Midbrook was
13   owned, in part, and managed by a brother of the owner of Holland Farms.  Dkt.
     29, at 3.  The companies orally agreed that Midbrook would charge its actual
14   costs of the bulbs on a one-to-one basis plus a commission.  Dkt. 29, at 3.
     Midbrook's invoices were in Dutch Guilders ("guilder" or "NLG"); the euro did
15   not fully replace the guilder until 2002.  Dkt. 29.  Midbrook had two accounts
     with the same bank in the Netherlands.  *Id.* One was a U.S. dollar account and the
16   other a guilder account.  *Id.*  To pay the invoices, Holland Farms would deposit
     U.S. dollars in the dollar account, Midbrook would exchange the dollars to
17   guilders, and then deposit the money in the guilder account.  *Id.*
     Holland Farm's owner states that by 1997 he noticed that the bulb import
18   costs on their purchases from Midbrook appeared to be higher than the
     competition's bulb import costs.  *Id.*  Holland Farm's owner questioned his
19   brother and insisted on seeing Midbrook's costs records.  *Id.*  Midbrook refused
     and the parties agreed to stop doing business with each other in May of 2000.  *Id.*
20   Midbrook later contended that Holland Farms failed to pay it for the 1999 harvest.
     Dkt. 1.

21

22  1.  Midbrook Filed Case in Dutch District Court

23    Midbrook filed suit in the Netherlands' Alkmaar District Court in 2002,
     asserting that Holland Farms failed to pay for the 1999 shipment.  Dkt. 22.
24   Holland Farms received notice of the action, was represented by attorneys,

ORDER ON DEFENDANT'S MOTION TO
VACATE JUDGMENT UNDER FED. R. CIV. P.
60(B)- 3

presented defenses, and asserted a counterclaim against Midbrook and others in the Alkmaar District Court.  Dkt. 22, at 2.  Holland Farms' counterclaim maintained that Midbrook had been overcharging it for years, and so it owed Midbrook nothing.  *Id.*

The Alkmaar District Court issued four interlocutory orders.  On June 30, 2004, the district court dismissed a party. Dkt. 32-1.

On April 13, 2005, the district court, after holding a hearing which included the testimony of witnesses, issued a ruling on Midbrook's contention that the parties had reached a settlement in regard to alleged "improper invoicing" from 1994 through 1998.  Dkt. 34-1.  It concluded, based on the credibility of the witnesses, that Midbrook had not succeeded in showing that on October 22, 1999, Midbrook agreed to credit Holland Farms NLG 100,000 in exchange for Holland Farms exercising "no further rights" with respect to the invoices for 1994 through 1998.  Dkt. 34-1, at 4.  In that ruling, the district court further noted that:

> Although Holland Farms stated a number of arguments in various places in the very extensive procedural documents about why the invoices were incorrect throughout the years, this is insufficient for further assessment of the verity of its statements.  This means that [Holland Farms] first needs to specify the relevant invoices concretely, submitting them and making reference to them for the years 1994 up to and including 1998 and to indicate which amounts Midbrook invoiced unjustifiably to [Holland Farms] and why.  The court orders [Holland Farms] to proceed to doing so in accordance with (Dutch) article 22 Rv.

Dkt. 34-1, at 5.  The district court also ordered Midbrook to produce "insight into the way in which the invoices on which it bases its claims are drawn up."  Dkt. 34-1, at 5.

On September 21, 2005, the district court dismissed Holland Farms' counterclaim.  Dkt. 34-2.  It found that "[a]lthough [Holland Farms] has undeniably taken great pains to specify its damages, it has neglected to specify why the amounts invoiced by Midbrook are incorrect."  Dkt. 34-2, at 5.

On March 8, 2006, the district court issued a fourth interlocutory order which, in part, dismissed some of the parties.  Dkt. 35-1.

On October 18, 2006, the Alkmaar District Court issued its final decision and ordered Holland Farms to pay Midbrook €1,033,291.19, plus interest, attorneys' fees, and costs.  Dkt. 22-1, at 8.

2.  <u>Holland Farms Appealed to Dutch Court of Appeal</u>

Holland Farms appealed the Alkmaar District Court's decisions to the Amsterdam Court of Appeal.  Dkt. 22-2.  Holland Farms was represented by an attorney, raised six grounds for appeal, submitted exhibits, provided evidence, and asserted new legal grounds for its counterclaim.  Dkt. 22-2, at 3-4.  According to the Amsterdam Court of Appeal, Holland Farms argued, in part, that "it paid more

in total during the period from 1994 to August 2000, when it conducted business with Midbrook, than Midbrook had invoiced." Dkt. 22-2, at 8.  Holland Farms disputed "any liability on its part." *Id.*

The court of appeal issued two interlocutory decisions.  The first, on April 21, 2009, overturned the district court's finding that the parties had not settled their dispute over invoicing for 1994 to 1998. Dkt. 38-1.  The court of appeal discounted the district court's credibility assessment of the witnesses. Dkt. 38-1, at 12.  It found that it was an "established fact that a credit was issued by Midbrook for an amount of NLG 100,000" to Holland Farms. Dkt. 38-1, at 12. It further pointed out that Holland Farms failed to point to any consideration from it for this credit.  *Id.*  It found that "[c]onsidering the relationship between the parties such as evidenced by the documents, it is unlikely that Midbrook would not have demanded a certain consideration 'in exchange' for this credit." *Id.* The court of appeal rejected Holland Farm's request to have a registered accountant appointed to review Midbrook's costs records to determine whether Midbrook had, indeed, overcharged Holland Farms because the parties had settled those claims.  *Id.*  The second interlocutory decision was issued on June 29, 2010, but was not filed in the record here, and according to Holland Farms has not been translated.  Dkt. 31, at 2.

The Amsterdam Court of Appeal issued a final judgment on September 13, 2011.  Dkt. 22-4.  In consideration of the final judgment, Holland Farms again requested the Amsterdam Court of Appeal require Midbrook to provide "access to . . . bookkeeping records with regard to the purchase, processing, and export of the flower bulbs delivered by Midbrook to [Holland Farms] in the period from 1994 to 2000 inclusive." Dkt. 22-4, at 4.  The Amsterdam Court of Appeal denied this request for discovery "on the ground that the claim [was] apparently intended to provide [Holland Farms] with substantiation for its assertion that Midbrook overcharged it during that period." Dkt. 22-4, at 4.  It noted:

> That assertion cannot, however, be addressed anymore because the parties, as the court determined, reached final settlement on October 22, 1999 regarding the invoicing for that period, which entailed that [Holland Farms] would, against payment by Midbrook of an amount of NLG 100,000, withdraw its objections against the invoicing covering that period.  Contrary to the district court, this court of appeal considered that arrangement as proven. Regarding the delivery of flower bulbs from the harvest year 1999, [Holland Farms] was in the position to concretize its grievances in first instance, and the district court issued judgment regarding those grievances, which it declared partly justified.  [Holland Farms] has not challenged the accuracy of that judgment by the district court on appeal, nor has it specified its objections.  This implies that also for that year the accuracy of the invoicing is no longer subject to debate.

 Dkt. 22-4, at 4-5.  The court of appeal upheld the Alkmaar District Court's dismissal of Holland Farm's counterclaim.  Dkt. 22-4.  It entered a new judgment, ordering Holland Farms to pay Midbrook €959, 324.83, plus specified interest, attorneys' fees, and costs.  Dkt. 22-4.

### 3.  Holland Farms Appealed to Dutch Supreme Court

Holland Farms appealed the judgment to the Supreme Court of the Netherlands.  Dkt. 22-5.  It was represented by counsel and raised two issues. Dkt. 22-5.  On December 21, 2012, the Supreme Court of the Netherlands affirmed the judgment, dismissed the appeal, and ordered Holland Farms to pay an additional €5,965.34 in costs and €2,200 in fees.  Dkt. 22-6. (Plaintiff states that it does not seek recognition of the Supreme Court Judgment which would allow it to collect these additional fees.)

### 4.  Midbrook Filed this Case in U.S. District Court

On May 16, 2014, Midbrook filed this case, seeking recognition and entry of the Dutch Court of Appeal September 13, 2011 judgment pursuant to RCW 6.40A.  Dkt. 1.

### 5.  Holland Farms Filed Case in Dutch District Court for Preliminary Relief

In August of 2014, Holland Farms filed an action in the Noord-Holland District Court for Preliminary Relief Proceedings.  Dkt. 22-7.  Holland Farms was represented by counsel.  Dkt. 22-7, at 2.  It raised two issues:

> (1) That Midbrook be ordered to issue the underlying documents for drawing up the invoices for which payment was claimed . . . and
> (2) That Midbrook be forbidden from using the forged English translation of the ruling as presented to the District Court in Tacoma, and that it be ordered to suspend and keep suspended the enforcement commenced until it has a ruling in its own name . . .

Dkt. 22-7, at 6.  On September 29, 2014, the Noord-Holland District Court denied both Holland Farms' claims for relief. Dkt. 22-7.  In regard to claim one, it held:

> [Holland Farms] has argued that Midbrook has failed to comply with the order given by the District Court of Alkmaar to submit documents and that it has therefore acted unlawfully.
> [Holland Farms] bases its claim on the fact that Midbrook has failed to comply with the order of the District Court in the interlocutory decision of April13, 2005. The preliminary relief division will not comment on whether or not [Holland Farms] is at liberty at all outside and after the proceedings in which the said

1
2
3
4
5

> order was given to complain that this order has not been complied with. It follows from the statements set out in 2.3-2.7, that both the District Court and the Court of Appeal have held that Midbrook, insofar as it could be required to do so, had provided sufficient information and had done so properly. The order given by the District Court has in any case become redundant by the later decisions of the Court of Appeal. In that situation, there is no longer any room to allege that Midbrook, by not submitting all documents requested by [Holland Farms], acted unlawfully vis-à-vis [Holland Farms].

6
7

Dkt. 22-7, at 7.  It also rejected claim two.  Dkt. 22-7, at 9-10.

Dkt. 46.

8
9

**B.  POST ENTRY OF JUDGMENT PROCEEDINGS**

10
11

After this Court granted Midbrook's motion to recognize the Dutch court's judgment (Dkt. 46) and entered judgment (Dkt. 60), Holland Farms filed a notice of appeal with the Ninth Circuit Court of Appeals on December 19, 2014 (Dkt. 61).

12
13
14
15
16
17
18
19
20
21

According to Holland Farms, on December 22, 2014, a box of never-seen-before documents from Midbrook were anonymously turned over to a former lawyer of Holland Farms in the Netherlands. Dkt. 68.  That lawyer sent the documents to the Dutch lawyer currently representing Holland Farms.  *Id.*  Upon review of these documents, which Holland Farms maintains are invoices, purchase records and other costs related directly to the litigation between the parties, on February 18, 2015, Holland Farms filed a motion to reopen the proceeding in the Alkmaar District Court.  Dkts. 68 and 69-1.  The Alkmaar District Court (now renamed the "Court of North Holland" but for purposes of clarity the undersigned will continue to refer to this court as the Alkmaar District Court) found it did not have jurisdiction and transferred the case to the Amsterdam Court of Appeal on May 27, 2015.  Dkt. 79-2.

22
23
24

Meanwhile, in the United States, the Ninth Circuit Court of Appeals issued several briefing schedules; the most recent setting the due date for the opening briefing for September 28, 2015,

1   the answering brief for October 28, 2015, and the reply brief for within 14 days of service of the

2   answering brief.  *Midbrook Flowerbulbs Holland B.V v. Holland America Bulb Farms, Inc.*,

3   Ninth Circuit Court of Appeals Case number 14-36085; Dkts. 8, 12, and 13.

4       As of the date of this order, the Amsterdam Court of Appeal has not issued a decision.

5                                  **II.     DISCUSSION**

6       Once a notice of appeal is filed from a final judgment, the district court is divested of

7   jurisdiction.  *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v.*

8   *Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982).

9       A notice of appeal from a final judgment was filed in this case.  The undersigned is

10  divested of jurisdiction.  Fed. R. Civ. P. 62.1 provides:

11      (a) Relief Pending Appeal. If a timely motion is made for relief that the court
            lacks authority to grant because of an appeal that has been docketed and is
12          pending, the court may:
            (1) defer considering the motion;
13          (2) deny the motion; or
            (3) state either that it would grant the motion if the court of appeals remands
14          for that purpose or that the motion raises a substantial issue.

15      A decision on Holland Farms' Motion to Vacate the Judgment under Fed. R. Civ. P. 60(b)

16  (Dkt. 66) should be deferred until after the Amsterdam Court of Appeals and the Ninth Circuit

17  Court of Appeals issue their decisions.  This Court's decision to recognize the Dutch judgment

18  was based on the decisions of the Dutch courts.  The Dutch courts should have an opportunity to

19  consider the affect, if any, the newly discovered evidence has on their judgment.  The noting date

20  for the Motion to Vacate the Judgment under Fed. R. Civ. P. 60(b) (Dkt. 66) should be stricken

21  from the Court's calendar, and the motion may be renoted, if appropriate, after decisions from

22  the Amsterdam Court of Appeals and the Ninth Circuit Court of Appeals are issued.

23

24

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Holland America Bulb Farms, Inc.'s ("Holland Farms") Motion to Vacate Judgment under Fed. R. Civ. P. 60(b) (Dkt. 66) **IS DEFERRED;**

- The noting date for the motion is **STRICKEN FROM THE COURT'S CALENDAR** and the motion may be renoted, if appropriate, after decisions from the Amsterdam Court of Appeals and the Ninth Circuit Court of Appeals are issued.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of September, 2015.

ROBERT J. BRYAN
United States District Judge